IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-793-NJR |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DAVID POOR, DR. BABICH, WARDEN | ) |
| DODD, and ROB JEFFRIES, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Anthony Smith, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On March 6, 2023, Smith filed his Complaint, alleging Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

On March 8, 2023, Smith filed a motion for leave to file an Amended Complaint in order to add claims against Phil Martin and Josh Lane, as well as add additional facts, medical records, and exhibits (Doc. 6). His motion appears to be a piecemeal attempt to amend his Complaint because he only includes allegations against the new defendants Phil Martin and Josh Lane (*Id.* at p. 2). The Court will not accept piecemeal amendments to the original complaint. An amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Thus, any amended complaint must stand on its own, without reference to any previous pleading. As

Smith's amended complaint is a piecemeal attempt to add claims against Phil Martin and Josh Lane, the Court will not accept the filing. The motion to amend (Doc. 6) is **DENIED**. Similarly, Smith submitted a supplement (Doc. 17) and supplemental declaration (Doc. 18) to his original Complaint. The Court will not accept these piecemeal amendments to the Complaint.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Smith makes the following allegations:  Prior to entering IDOC, in 2008, Smith had a tumor removed. In 2009, he had a hernia mesh implanted in the area surrounding the tumor removal (Doc. 1, pp. 4-5). Although Smith experienced slight pain in the area of the surgery, he suffered no major medical issues with the hernia mesh (*Id*. at p. 5).

On June 7, 2022, Smith arrived at Robinson Correctional Center. Smith alleges that he informed medical staff, including Dr. Poor, of the slight pains in the area of the hernia mesh. On June 14, 2022, he asked for his bottom bunk permit to be renewed because he suffered from pain in the area of the hernia mesh when sleeping on his right side (*Id*. at p. 6).

Starting in June 2022, Smith began experiencing increasing pain in his right side. He described the pain as excruciating at times and chronic (*Id*. at p. 6). He informed medical staff, including Dr. Poor, of his pain between June 2022 and August 2022 (*Id*.). Dr. Poor left

Robinson in August 2022 (*Id.*). Before he left, Dr. Poor was treating the pain and had scheduled Smith to be seen by a general surgeon in September 2022. On September 9, 2022, Smith learned from Phil Martin that his appointment was cancelled (*Id.*). Smith continued to suffer from pain in his right side from September until November 2022. He was only provided Tylenol or ibuprofen because there were no doctors or nurse practitioners at Robinson to treat him.

On November 21, 2022, Smith had a CT scan of his right side. He was later provided an opioid for his pain but refused the pain medication due to being a former addict (*Id.* at p. 7). He eventually was provided Tylenol 3 with codeine. On December 1, 2022, Dr. Babich informed Smith during a teleconference appointment that a mass was discovered between the hernia mesh (*Id.*). Dr. Babich indicated that there was a possibility that the mass was cancerous. After the appointment, Smith began submitting multiple sick call requests to obtain more information about his condition. He was not able to see a doctor because there are no doctors currently at Robinson. Because the call passes were not answered, he began acting out and enduring crisis isolation and disciplinary tickets in an attempt to receive additional pain medication and care (*Id.* at p. 8).

On February 7, 2023, Smith had a consultation at Crawford Memorial Hospital with Dr. Vasireddy about the mass in his stomach (*Id.* at pp. 9-10). Dr. Vasireddy indicated that he needed blood work and would determine next steps for determining if the mass was cancerous. Smith indicates that he is currently under the care of Dr. Becker at Robinson. He had blood work in February 2023, and the results were sent to Dr. Vasireddy. Smith alleges that he still suffers from pain in his right side and is worried about the possibility of having

cancer. He believes that that he has not received adequate medical care and that his diagnosis has been delayed.

## Discussion

Based on the allegations in the Complaint, the Court designates a single count:

**Count 1:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc., David Poor, Dr. Babich, Warden Dodd, and Rob Jeffreys for denying and delaying the diagnosis of his pain in the area of his hernia mesh.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Simply put, Smith fails to state a claim against any defendant. Although he mentions David Poor and Dr. Babich as treaters whom he saw while at Robinson, he fails to allege that any of the care that they provided amounted to deliberate indifference. In order to demonstrate deliberate indifference, Smith must allege that the defendants were aware of the serious medical condition and either intentionally or recklessly disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). Negligence is not enough; a plaintiff must demonstrate that a defendant denied medical care altogether, delayed care, continued with ineffective treatment, or departed substantially from accepted professional judgment. *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022). Smith has not alleged that either treater failed

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

to provide him with care or delayed his care. He alleges that Dr. Poor scheduled him for an outside consultation which was later cancelled after Dr. Poor left Robinson. Further, he acknowledges receiving a consultation after his appointment with Dr. Babich. There are no allegations to suggest that either doctor delayed his treatment or provided him with ineffective treatment. Thus, the claim against Dr. Poor and Dr. Babich is **DISMISSED without prejudice**.

To the extent that he identifies Warden Dodd and Rob Jeffreys as defendants, Smith also fails to state a claim against them. He simply alleges that as warden, Dodd is legally responsible for the welfare of all inmates and that Jeffreys is legally responsible for the operations of all prisons including Robinson. But these defendants cannot be liable simply because they are supervisors as the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See, e.g.*, *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Nor has Smith alleged that they participated in his care or the scheduling of outside referrals. Thus, Dodd and Jeffreys are also **DISMISSED without prejudice**.

Similarly, a corporation like Wexford cannot be liable on the basis of *respondeat superior* liability. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Smith fails to identify any policy or practice that delayed his care. Thus, the claim against Wexford is also **DISMISSED without prejudice**.

Thus, if Smith wants to pursue his claims, he will have to file an Amended Complaint. The Amended Complaint should include factual allegations that indicate what actions or inactions were taken by each defendant as it relates to his care.

Because Smith fails to state a claim for deliberate indifference in the treatment of his pain, the Court **DENIES as moot** Smith's motion for preliminary injunction (Doc. 14). His motion for status regarding his request for preliminary injunction (Doc. 20) is also **DENIED as moot**.

## Pending Motions

Smith also filed two motions for counsel (Docs. 3 and 19). He indicates that he has some college education but lacks knowledge of the law. But Smith's filings have been well written and easy to understand. The Court finds him capable of submitting an Amended Complaint on his own. Thus, his motions for counsel are **DENIED without prejudice**.

## Disposition

For the reasons stated above, Smith's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Smith is **GRANTED** leave to file a "First Amended Complaint" on or before **May 9, 2023**. Should Smith fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Smith's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). As explained above, the Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without

reference to any previous pleading, and Smith must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Smith is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Smith is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 11, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**