**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ANTHONY SMITH,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-cv-793-NJR** |
| **WEXFORD HEALTH SOURCES, INC., DAVID POOR, GLENN BABICH, RACHEL DODD, and ROB JEFFRIES,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Anthony Smith, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Smith's original Complaint was dismissed without prejudice for failure to state a claim (Doc. 22). He was granted leave to file an Amended Complaint. On May 2, 2023, Smith filed his Amended Complaint alleging Defendants were deliberately indifferent in treating his hernia pain, in violation of the Eighth Amendment.

In addition to his Amended Complaint, Smith filed several motions to supplement (Docs. 35, 36, 38). Smith seeks to add exhibits "as an alleged fact or providing an allegation" (Doc. 35, p. 1). The Court does not accept piecemeal amendments to the pleadings. Further, the documents appear to be evidence which Smith seeks to add to his Amended Complaint. Although Smith may submit the documents as exhibits/evidence

1

to relevant motions or other filings, the Court finds that the documents, which appear to be call passes and medical records, are not necessary to state a viable claim under Federal Rule of Civil Procedure 8.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Smith makes the following allegations:  Smith is classified as having a serious mental illness ("SMI") and qualifies as disabled (Doc. 28, pp. 4, 20). On June 14, 2022, Smith submitted a request slip to renew his bottom bunk permit (*Id*. at pp. 4, 21). He requested to see either Dr. Poor or Nurse Emma (*Id*.). On June 21, 2022, he met with Dr. Poor and discussed pain in his abdomen, which he believed was caused by a hernia mesh implant (*Id*. at p. 4). Dr. Poor issued him a special needs permit and referred Smith for a consult with a general surgeon to diagnose the pain stemming from the area of his hernia mesh (*Id*. at pp. 4, 22). On July 22, 2022, the referral was authorized (*Id*. at pp. 4, 23).

Smith was issued a medical writ for a consultation with a general surgeon for September 7, 2022, but the writ was cancelled (*Id*. at p. 5). On September 9, 2022, Smith learned from the healthcare unit administrator Phil Martin that the writ was cancelled

because the healthcare unit was waiting on tests to be scheduled before Smith could consult with a surgeon (*Id*. at p. 5, 24). On October 14, 2022, Smith was authorized for a CT scan of the hernia mesh site (*Id*. at p. 5, 26). Smith alleges that the delay between the cancelled surgical consult and the CT scan caused him emotional distress and he continued to endure pain at the mesh site while awaiting the scan (*Id*. at p. 5).

During October 2022, Smith submitted multiple sick call slips and grievances about his condition (*Id*. at p. 6). Responses indicated that his sick call appointments were cancelled due to lack of nursing staff (*Id*.). Healthcare administrator Phil Martin informed Smith in response to grievances that there were staffing issues and that Wexford was in the process of recruiting additional staff (*Id*. at pp. 6, 31; 28-1, p. 4).

On November 21, 2022, Smith had a CT scan of the hernia mesh site (Doc. 28, p. 6). He later consulted with Dr. Babich about the results of the scan (*Id*.). Dr. Babich informed Smith of the possibility of cancer at the mesh site and indicated he would follow-up with an oncologist (*Id*. at p. 7; Doc. 28-1, p. 8). Smith continued to suffer from pain at the site, making it difficult to lay on his right site. Smith also alleges that he could only continue with his daily activities through the use of supportive measures authorized by Dr. Poor in Smith's special needs permit, which included back, ankle, and knee braces, soles for his shoes, and a brace that covered the mesh site (Doc. 28, p. 7). Smith still did not have an official diagnosis for his pain, and he submitted an emergency grievance. Warden Rachel Dodd deemed the grievance an emergency and expedited its review (*Id*.). Phil Martin again informed Smith that the prison was experiencing staff shortages and Wexford was working to recruit additional medical staff (*Id*.). Smith alleges that he was

seen on a call pass in January 2023 and informed that he would be sent to a doctor about his pain (*Id.* at p. 8). The nurse informed him he had been approved for a surgical oncology consult (Doc. 28-1, p. 11).

Starting on January 5, 2023, Smith began submitting requests for a consult with an oncologist to determine if the pain was caused by cancer (Doc. 28, p. 8). Smith labeled the requests for Dr. Babich (*Id.*). Responses to the requests indicate staff were working on scheduling an appointment with a specialist (Doc. 28-1, pp. 10, 12-13). In March 2023, Smith was authorized for and received an urgent CT scan for a liver mass/carcinoma (Doc. 28, p. 8; 28-1, p. 26).

Smith submitted another grievance which Warden Dodd expedited (*Id.* at p. 9). He alleges that Dodd and Rob Jeffries were aware of the staffing issues and the delays that Smith experienced in the process of diagnosing his abdominal pain (*Id.*). He alleges that Wexford knew about his medical needs but did not respond appropriately, which delayed his diagnosis from July 2022 until April 2023 (*Id.* at p. 15). Smith further alleges that Dr. Poor and Dr. Babich knew about the seriousness of his condition but did not timely authorize and denied/delayed his diagnosis (*Id.*).

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** **Eighth Amendment deliberate indifference claim against Dr. Babich and Dr. Poor for delaying and/or denying care and diagnosis of Smith's pain near his hernia mesh site.**

4

> **Count 2:** **Eighth Amendment deliberate indifference claim against Rachel Dodd and Rob Jeffries for not responding appropriately to his grievances and allowing staff to deny and/or delay the diagnosis of his pain.**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for not responding appropriately to his serious medical needs and denying and delaying his diagnosis.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, the Court finds that Smith states a viable claim against Dr. Babich. Smith alleges that he saw Dr. Babich after his CT scan, which indicated a possible cancerous mass in his abdomen, but there were delays in scheduling Smith for a follow-up with an oncologist. Although not entirely clear from the Amended Complaint, it appears that Smith has not seen an oncologist at the filing of his amended pleadings. Further, Smith alleges that he continues to suffer from pain in his abdomen while awaiting an oncology consult. The Court finds that these allegations survive Section 1915 review. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted) (Delaying treatment may constitute deliberate indifference if such

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

5

delay "exacerbated the injury or unnecessarily prolonged an inmate's pain."). Smith fails, however, to state a viable claim against Dr. Poor. He alleges that Dr. Poor provided him with pain medication. Dr. Poor also referred him to a general surgeon for his pain and there is no indication in the pleadings that Dr. Poor was the cause of that appointment being cancelled. Dr. Poor also provided Smith with a special needs permit, providing Smith with braces and other aids, which Smith acknowledged was the only thing that allowed him to continue with his daily activities. There is nothing in the Amended Complaint that suggests that Dr. Poor acted with deliberate indifference. Thus, Dr. Poor is **DISMISSED without prejudice**.

Smith also takes issue with Rob Jeffries's and Rachel Dodd's responses to his grievances. Although expedited by Dodd, Smith alleges that the grievances provided both officials with notice of his medical needs, yet Jeffries and Dodd failed to have their staff diagnosis Smith in a timely manner (Doc. 28, p. 15). But the mere mishandling or denial of a grievance does not state a claim for deliberate indifference. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). And neither official can be held liable simply based on their positions as director and warden because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Thus, Jeffries and Dodd are also **DISMISSED without prejudice**.

Smith also fails to state a claim against Wexford. Smith alleges that Wexford did not respond accordingly to Smith's concerns and prolonged/delayed his diagnosis, but a corporation like Wexford can only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Although Smith alleges that there were issues with staffing at the prison that delayed his care, he fails to allege that the limited staff was a policy or practice of Wexford. In fact, Smith alleges he was informed by the healthcare administrator that Wexford was in the process of hiring additional healthcare staff. There is nothing to suggest that the delay in Smith's diagnosis was caused by a policy or practice of Wexford. Thus, Wexford is **DISMISSED without prejudice**.

## Pending Motions

As to Smith's motions for counsel (Docs. 27, 39), he states that he has sought counsel from various law firms, and he does not understand the law or civil procedure. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because Defendant has not yet been served and a discovery schedule has not been entered. Thus,

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Smith's motions (Docs. 27, 39) are **DENIED**. He may renew his request for counsel at a later date.

<u>Disposition</u>

For the reasons stated above, Count 1 shall proceed against Dr. Glenn Babich. All other claims and Defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Dr. Glenn Babich: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Smith. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Smith, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section

1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Smith, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Smith is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  May 24, 2023

NANCY J. ROSENSTENGEL
Chief U.S. District Judge

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Amended Complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**