IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SMITH, #N22143, | ) |
| Plaintiff, | ) Case No. 23-cv-793-RJD |
| v. | ) |
| GLENN BABICH, | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC"), filed this lawsuit pro se and in forma pauperis pursuant to 42 U.S.C. §1983. Following the Court's threshold review conducted pursuant to 28 U.S.C. §1915A, Plaintiff proceeds on one claim of deliberate indifference against Glenn Babich in his First Amended Complaint. Doc. 40. He alleges that Dr. Babich was deliberately indifferent to his severe abdominal pain, possibly related to a hernia mesh implant, from November 2022 until April 2023. This matter comes before the Court on Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. Docs. 86 and 87. Plaintiff filed a Response. Doc. 94. As explained further, Defendant's Motion is DENIED.

In his Amended Complaint, Plaintiff alleges that he met with a physician (not a defendant) at Robinson Correctional Center in June 2022 and told the physician that he had pain in his abdomen, which he believed was related to a hernia mesh implant. Plaintiff was referred to see a general surgeon in September 2022, but the appointment was cancelled because Plaintiff needed

additional tests performed.  Plaintiff underwent a CT scan in November 2022.  He then had a phone consultation with Dr. Babich, who told him that he might have cancer.  Dr. Babich said that he would refer Plaintiff to an oncologist.  Plaintiff did not receive a diagnosis for his condition until April 2023.[1]  He experienced significant pain and submitted emergency grievances at Robinson regarding his condition during this time period.

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  When ruling upon exhaustion motions, the Court typically discusses the steps in the administrative remedy process and whether Plaintiff completed those steps.  Such a discussion is not necessary here, however, because Defendant's motion reflects that Plaintiff exhausted his administrative remedies regarding his complaints of pain at the hernia mesh site.  Defendant's motion rests on one argument: that Plaintiff did not include "specific allegations of misconduct attributed to Dr. Babich" in his grievances.

Prior to filing suit, Plaintiff fully exhausted two grievances that mention Dr. Babich.  Doc. 87-1, pp. 1-4, 22-25.  In the first grievance, Plaintiff explained that he needed to be seen by a general surgeon, and that he was in a significant amount of pain, but no doctor at Robinson had examined him and his appointment with the general surgeon had been cancelled.  Plaintiff further explained that Dr. Babich never saw him in person-only on the television-and therefore no one had physically examined Plaintiff.  Id., p. 4.  In the second grievance, Plaintiff asked to be scheduled for a consultation with an oncologist regarding "the issue Dr. Babich and I discussed as soon as

---

[1] The nature of his diagnosis is not clear.

possible."   Id., p. 24.

Defendant's argument that Plaintiff was required to make "specific allegations of misconduct attributed to Dr. Babich" is not supported by any case law or the Illinois Administrative Code.  *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). To exhaust his administrative remedies, Plaintiff was merely required to include in the grievance "…. factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint."   20 ILL. ADMIN. CODE § 504.870(b).   Plaintiff's grievances explain Dr. Babich's involvement in his (alleged) lack of medical care.  This information allowed Robinson officials the opportunity to "a fair opportunity to address [Plaintiff's] complaint," which was all that was required for Plaintiff to exhaust his administrative remedies.  *Maddox*, 655 F.3d at 722.  Defendant's Motion (Doc. 86) is DENIED.

**IT IS SO ORDERED.**

**DATED:   June 4, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**