IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SMITH, #N22143 | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-cv-793-RJD |
| GLENN BABICH, | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC"), filed this lawsuit pro se and in forma pauperis pursuant to 42 U.S.C. §1983. Following the Court's threshold review conducted pursuant to 28 U.S.C. §1915A, Plaintiff proceeds on one claim of deliberate indifference against Glenn Babich in his First Amended Complaint. Doc. 40. He alleges that Dr. Babich was deliberately indifferent to his severe abdominal pain, possibly related to a hernia mesh implant, from November 2022 until April 2023. This matter comes before the Court on multiple motions by Plaintiff.

**Motions for Leave to File Second Amended Complaint and Emergency Mandatory Preliminary Injunction (Docs. 80, 103, 105-107, 109-111)**

In his proposed second amended complaint, Plaintiff alleges that he needs to see a dentist outside the IDOC because, following multiple teeth extractions, there are remnants still in his gums. Plaintiff alleges that Dr. Overoyen denied him "care and relief" for these issues and seeks injunctive relief regarding dental care. Doc. 103. Plaintiff also alleges that Nicole Dunlop, the librarian at Robinson, has not given him meaningful and effective assistance at Robinson.

Finally, Plaintiff wants to add a claim against Dr. Vi Becker, who makes inmates wait "months" and allows a nurse to "tower" over inmates during exams. Without considering whether these allegations against Dr. Overoyen, Nicole Dunlop, and Dr. Becker would survive a threshold review pursuant to 28 U.S.C. §1915A, the allegations are unrelated to Plaintiff's Eighth Amendment claim against Dr. Babich and belong in a separate lawsuit to "'prevent the sort of morass' [caused] by multi-claim, multi-defendants suits." *Owens v. Hinsley*, 636 F.3d 950, 952 (7th Cir. 2011). For that reason, Plaintiff's Motion for Leave to bring claims against Dr. Overoyen, Nicole Dunlop, and Dr. Becker is DENIED.

Plaintiff also attempts to allege claims against Phil Martin and Wexford Health Sources, Inc. ("Wexford"). Plaintiff previously named Martin and Wexford in his First Amended Complaint, but those claims were dismissed without prejudice because they were inadequately pled. Pursuant to Local Rule 83.9(c), Plaintiff's request for leave to bring claims against Martin and Wexford is denied without prejudice "so that assigned counsel can evaluate how to proceed." Plaintiff also filed multiple motions to supplement the proposed second amended complaint, and those motions are similarly DENIED.

**Motions for Recruitment of Counsel (Docs. 63, 76, 88, 97, 102, 104, 112)**

Once an indigent plaintiff makes a reasonable effort to find counsel on his own, the Court may recruit an attorney for him "if the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (*quoting Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). Here, Plaintiff attempted to find his own attorney. Doc. 63, pp. 3-5; Doc. 104, p.3. The issues in this case-the alleged delay and denial of care for pain near Plaintiff's hernia mesh site and whether that delay and denial amounted to deliberate indifference-is fairly

complex. Though Plaintiff has adequately represented himself so far in this litigation, the difficulty of the particular factual and legal issues in this case exceeds his capacity as a layperson. Accordingly, Plaintiff's Motions for Recruitment of Counsel are GRANTED.

**IT IS HEREBY ORDERED** that, for the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), Attorney Kyle Shamberg of the firm Lynch Carpenter, LLP is **ASSIGNED** to represent Plaintiff Anthony Smith in this civil rights case. On or before **June 18, 2024**, assigned counsel shall enter his appearance in this case. Attorney Shamberg is free to share responsibilities with an attorney in his firm who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that another attorney may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Shamberg. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no

recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available.  The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived.  *See* SDIL-LR 83.13.   The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs.   In no event will funds be reimbursed if the expenditure is found to be without a proper basis.   The Court has no authority to pay attorney's fees in this case.   No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org.   He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource.   It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

Anthony Smith, N22143
Robinson Correctional Center
13423 E. 1150th Avenue
Robinson, Illinois 62454
(618)546-5659

**Motion to Postpone Filing Fee (Doc. 74)**

Plaintiff submits a copy of his Inmate Trust Fund Account statement and asks the Court to find that he has no means to pay the filing fee in this case. Plaintiff was already granted in forma pauperis status, and therefore he does not have to immediately pay the entire amount of the filing fee. As Chief Judge Rosenstengel previously ordered, Robinson Correctional Center shall forward payments of 20% of the preceding month's income credited to Plaintiff's trust fund account each time the amount in his account exceeds $10 until the $350.00 filing fee is paid.

Plaintiff's motion includes several other inquiries regarding recruitment of counsel and exhaustion of administrative remedies that are now moot, considering the Court's denial of his Motion for Leave to Amend his Complaint and the order granting his recruitment of counsel.

**Motion "to Notify Court of Ongoing Pattern of Behavior of Denial of Access to the Courts" (Doc. 77)**

Plaintiff asks the Court to "provide individuals in custody with paper copies of any unreported or unavailable decisions" because certain staff members at Robinson are impeding his ability to research this case. The Court does not have the resources to send litigants copies of unreported decisions. In any event, the Court has recruited counsel for Plaintiff. This Motion (Doc. 77) is DENIED.

**Motions to Compel (Doc. 82 and 84)**

Plaintiff informs the Court that Defendant's attorneys never provided Defendant's Initial Disclosures to Plaintiff. Defendant filed no Response to these Motions. To the extent he has not

already done so, Defendant shall send Plaintiff his Initial Disclosures on or before **June 6, 2024.** Defendant shall send a copy of the Initial Disclosures directly to Plaintiff; once Attorney Shamberg enters an appearance, Defendant shall also send him a copy of the Initial Disclosures.

**Motions for Status (Docs. 85, 95, 96)**

These motions are granted; the Orders entered today provide Plaintiff with an update of his case, including an update on Defendant's Motion for Summary Judgment (Doc. 113). Plaintiff specifically inquired about the status of his payments for the filing fee (Doc. 95); Plaintiff has paid $7.45 towards the filing fee and therefore still owes $342.55.

**Motions for Preliminary Injunction (Docs. 98, 99, 101, 108)**

Plaintiff asks the Court to enter a restraining Order against "the contractors and employees of the Illinois Department of Corrections" who are retaliating against him and harassing him for filing this lawsuit by obstructing his access to the law library, firing him from his job at Robinson, disciplining him, and obstructing his access to medical records. Doc. 98, p. 1; Doc. 108, p.1 Plaintiff went on a hunger strike related to these issues. Doc. 101. Injunctive relief cannot be granted if it is not "of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994 (*per curiam*)). The underlying allegations in this suit are deliberate indifference to a serious medical need, not harassment or retaliation. To the extent that Plaintiff seeks relief from the Court regarding prison employees retaliating against him by taking actions not related to treatment for his hernia mesh site, those allegations must be raised in a different lawsuit.

**Remaining motions**

Plaintiff's remaining motions (**Docs. 78, 81, 83, 89, 90, 100**) are denied without prejudice pursuant to Local Rule 83.9(c), which provides that "[u]pon assignment of counsel, all pending

motions filed by the party pro se shall be denied without prejudice so that assigned counsel can evaluate how to proceed, unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

**DATED:   June 4, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**