IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SMITH, #N22143 ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-cv-793-RJD |
| v. ) | |
| ) | |
| GLENN BABICH, PHIL MARTIN, and ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| ) | |
| Defendants. | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983. Plaintiff alleges that Defendants Babich (a physician) and Martin (the health care unit administrator) were deliberately indifferent to his severe abdominal pain at Robinson Correctional Center. Doc. 123. In September 2022, Plaintiff underwent a CT scan at Crawford Memorial Hospital that revealed "a large fluid collection or perhaps tumor in the central portion of the liver." *Id.*, ¶17. The doctor at Crawford Memorial Hospital recommended an immediate consult with a surgical oncologist. *Id.*, ¶18. Plaintiff was scheduled for a surgical consultation on September 7, 2022, but Defendant Martin cancelled the appointment and delayed scheduling any further treatment for five months. *Id.*, ¶¶82-85. Plaintiff continued to suffer intense pain in his abdomen. *Id.*, ¶23. This matter comes before the Court on Defendant Martin's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. Doc. 155. Plaintiff has not yet filed a Response, but because Defendant Martin failed to meet his burden on summary judgment, the Motion is DENIED.

**Exhaustion Requirements**

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must contain the following:

> …. factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within

30 days to the Administrative Review Board ("ARB") for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e). The inmate must complete all steps and follow the rules set by IDOC in order to exhaust his administrative remedies and satisfy 42 U.S.C. § 1997e(a).

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

Defendant Martin's Motion for Summary Judgment fails to establish that there is no genuine issue of material fact regarding Plaintiff's exhaustion of administrative remedies. As the Court previously found, Plaintiff fully exhausted two grievances regarding his allegations in this case prior to filing suit. Doc. 113; Doc. 155-4, pp. 250-257. In a grievance dated October 23, 2022, Plaintiff wrote that his September 7, 2022 consultation was cancelled and there was no doctor at Robinson to examine him. *Id*., pp. 256-57. Plaintiff's counselor obtained and provided

a response from Defendant Martin regarding this issue, stating "Dr. Babich ordered CT of abdomen/pelvis with contrast prior to re-scheduled surgical preferred once the CT is completed the surgical consult will follow." *Id*., p. 256.  In a grievance dated November 25, 2022, Plaintiff explained that his September 7, 2022 consultation with a general surgeon was cancelled and that he was having significant pain in his abdomen.  *Id*., p. 252-53.  The Warden denied the grievance after receiving a statement from Defendant Martin that said "we are experiencing staffing issues. Wexford is recruiting nurses, dentists, MDs, and a Director of Nursing."  *Id*., p. 251.

Defendant Martin argues that Plaintiff's fully exhausted grievances "did not pertain to the specifics of his claim against Defendant Martin."  This argument is without merit. It "belies reason" to suggest that prison officials did not know that Defendant Martin (the health care unit administrator) was involved in the cancellation of the appointment, as prison officials gave him the opportunity to respond to Plaintiff's grievances.  *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Nothing before the Court suggests that Plaintiff was aware-at the time that he submitted his grievances-that it was Defendant Martin who cancelled his appointment.  As Defendant Martin points out in his Motion, his name did not appear in Plaintiff's original and first amended complaints filed in March and May 2023, respectively.  Docs. 1 and 28; Doc. 155, p. 4. Plaintiff's grievances do not name the person responsible for cancelling the appointments, but prison officials nonetheless processed them, presumably because Plaintiff provided sufficient detail regarding his complaint that, despite his continued pain and a physician's recommendation for an immediate consult, his offsite medical appointment was cancelled.  Robinson officials had a "fair opportunity" to address that complaint involving Defendant Martin.  *Maddox*, 655 F.3d at 713.  Accordingly, the record reflects that Plaintiff sufficiently exhausted his administrative

remedies against Defendant Martin.  *See id.* at 722.  Defendant failed to sustain his burden of proof on summary judgment, and his Motion is therefore DENIED.

**IT IS SO ORDERED.**

**DATED:   April 15, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**